THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK GARRISON and DEANE GARRISON,
        Plaintiffs,
        v.

BALLY TOTAL FITNESS HOLDING
CORPORATION, LEE S. HILLMAN and
JOHN W. DWYER,
        Defendants.
_____

Civil No. 04-1331-PK

ORDER

HAGGERTY, Chief Judge:

      Prior to this case's transfer to Magistrate Judge Papak, Magistrate Judge Jelderks issued a Findings and Recommendations (F&R) in this action recommending that the Motion to Dismiss for Lack of Personal Jurisdiction by the individual defendants (Hillman and Dwyer) should be denied, and that the motion by defendant Bally Total Fitness Holding Corporation (Bally) to dismiss plaintiffs' breach of contract and fraud claims should be granted. Plaintiffs and Hillman and Dwyer filed objections to the F&R. Plaintiffs object to the portion of the F&R

1   - ORDER

recommending that Bally's motion to dismiss plaintiffs' claims be granted. Hillman and Dwyer object to the F&R's conclusion that the court may exercise specific personal jurisdiction over them.

The matter was referred to this court. The parties' request for oral argument is denied. When a party objects to any portion of the Magistrate's F&R, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, and has also carefully evaluated the F&R, the objections, and the record. For the reasons discussed below, the court adopts the conclusions that personal jurisdiction exists over Hillman and Dwyer in this action, and that Bally's motion to dismiss plaintiffs' claims 3 and 4 should be granted.

## BACKGROUND

The facts in this complex case have been presented thoroughly in the F&R and need not be repeated in detail here. This action arises from a Stock Purchase Agreement (Agreement) dated November 29, 1999, in which plaintiffs sold their majority interest in Nautilus Plus of Oregon, Incorporated, (Nautilus) to Bally. In the Agreement, plaintiffs exchanged their interest in Nautilus for approximately 101,720 shares of Bally common stock, which was then valued at $27 per share. Subsequently, Bally was investigated by the Securities and Exchange Commission (SEC), and its stock values were impacted significantly. Plaintiffs allege that Bally induced them to sell their Nautilus stock and accept shares of Bally stock at an artificially inflated price through misrepresentation and fraud.

As reviewed above, the F&R concluded that Hillman's and Dwyer's Motion to Dismiss for Lack of Personal Jurisdiction should be denied, and that Bally's motion to dismiss plaintiffs' breach of contract and fraud claims should be granted. An analysis of the parties' objections follows.

**DISCUSSION**

**1.      Personal Jurisdiction**

The F&R rejected arguments by Hillman and Dwyer that they were not subject to personal jurisdiction in Oregon pursuant to the fiduciary shield doctrine. The F&R concluded that it was appropriate to exercise specific jurisdiction over Hillman and Dwyer. This court adopts the F&R's conclusions.

Hillman and Dwyer reassert in their objections that their few contacts with Oregon were made only in connection with the Agreement and were made solely in the course of the performance of their responsibilities as officers and fiduciaries of Bally. They maintain that the fiduciary shield doctrine precludes the exercise of personal jurisdiction over them in Oregon. Alternatively, they contend that their random contacts with Oregon fall short of the minimum contacts requirement under the United States Constitution and Oregon Rule of Civil Procedure 4L, Oregon's long-arm statute.

When a state's long arm statute extends to what is allowed by the constitutional due process requirements, as they do in Oregon, there is no fiduciary shield protection and the court may assert personal jurisdiction over the individuals. *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 522 (9th Cir. 1989). The United States Supreme Court has rejected "the suggestion that

employees who act in their official capacity are somehow shielded from suit in their individual capacity." *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984).

As the F&R noted correctly, the fiduciary shield doctrine's protection may be ignored "in cases in which the corporation is the agent or alter ego of the individual defendant . . . or where there is an identity of interests between the corporation and the individuals." *Davis*, 885 F.2d at 520-21 (internal cites omitted).

Hillman and Dwyer also reassert that regardless of the application of the fiduciary shield doctrine, the court may not assert specific personal jurisdiction because their contacts in Oregon were so minimal that the exercise of personal jurisdiction would not comport with due process standards. The court has examined the F&R analysis showing Hillman purposefully availed himself of the privilege of conducting business in Oregon and adopts this conclusion. F&R at 21-24. Similarly, although this court agrees with the Magistrate Judge that the question is close, this court adopts the conclusion that specific jurisdiction may be exercised over Dwyer. F&R 24-26.

**2. Bally's Motion to Dismiss Counts 3 (breach of contract) and 4 (fraud) of Plaintiffs' Complaint for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)**

Plaintiffs Third Claim:

Plaintiffs claim that Bally breached its contractual obligation when it allegedly provided inaccurate financial statements to plaintiffs and when it allegedly made false representations that its financial statements to the SEC were true and correct. The F&R found that the parties' agreement to a fixed time limitation barring them from filing any claims arising from the Agreement beyond eighteen months was reasonable. Therefore, these claims were construed as

time-barred. Plaintiffs object, contending that the limitation provision should be construed as void.

Oregon has long held that contracting parties may agree to limit the time when an action for breach of contract may be brought. *Beck v. General Ins. Co.,* 18 P.2d 579, 583 (Or. 1933) (enforcing a two-year limitation on the time a party may bring action that was set out in the insurance policy). Oregon law allows parties to contractually fix reasonable time limitation provisions that are shorter than the applicable statute of limitations. An eighteen-month time limitation is reasonable. *Id.* (two-year limitation is reasonable); s*ee also Ausplund v. Aetna Indemnity Co.*, 81 P. 577 (Or. 1905) (upholding a six-month contractual limitation period). The F&R found correctly that Oregon law allows contractual limitation provisions such as the terms agreed upon in the parties' Agreement.

Plaintiffs also contend that the eighteen-month limitation should be declared void as a matter of public policy. They assert that defendants should not be able to enforce the limitation provision because of their allegedly fraudulent conduct.

Public policy in contract law was addressed by the Supreme Court over a century ago.

> [I]t must not be forgotten that the right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligation on the pretext of public policy unless it clearly appears that they contravene public right to the public welfare.

*Baltimore & O.S.R. Co. v. Voight*, 176 U.S. 498, 505 (1900).

While plaintiffs allege that they were fraudulently induced to sign the agreement, they do not claim that they were fraudulently induced to agree to the time limitation provision and they

have not sought any action to do away with the entire agreement. Allowing parties to agree to time limitation provisions has been recognized by courts as proper:

> An express provision fixing a shorter limit merely hastens the enforcement; and it is not made invalid by being included from the beginning in the contract to be enforced. If held invalid, it must be on the ground that the terms are unconscionable and that unfair advantage has been taken of a claimant whose bargaining position was inferior.

*Nuhome Investments LLC v. Weller*, 81 P.3d 940, 946-47 (Wyo. 2003).

The F&R concluded correctly that the plaintiffs can not selectively seek to enforce some provisions of the contract, while "attacking other provisions on the grounds that the entire Agreement was procured by fraud." F&R at 31.

Plaintiffs Fourth Claim:

In their fourth claim, plaintiffs allege that defendants committed common law fraud by making material misrepresentations and omissions in the underlying transaction. The F&R found that plaintiffs' fourth claim is barred by the Agreement's time limitation provision. The provision did not restrict the types of claims that would be affected by the time limitation. The provision clearly specified "any and all claims and causes of action." F&R at 31. The F&R concluded correctly that plaintiffs' claim that defendants committed common law fraud is also barred by the limitation provision in the Agreement.

Defendants argue in the alternative that plaintiffs' fourth claim should also be dismissed for failure to set out the allegations of fraud with the particularity required under Federal Rule of Civil Procedure 9(b). Because the court is adopting the F&R's reasoning that the plaintiffs are barred from filing any claims pursuant to the time limitation provision in the agreement, the issue under Rule 9(b) is moot.

**CONCLUSION**

Based on the foregoing, Magistrate Judge Jelderks' F&R (doc. #48) is ADOPTED. Bally's Motion to Dismiss (doc. #28) is GRANTED. Hillman's and Dwyer's Motion to Dismiss for Lack of Personal Jurisdiction (doc. # 31) is DENIED.

IT IS SO ORDERED.

Dated this __23___ day of November, 2005.

                                              _/s/ Ancer L. Haggerty _____
                                                 ANCER L. HAGGERTY
                                              United States District Judge